IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRAYAN JOSUE BUEZO SANCHEZ,    )
         Petitioner,         )
                      )
    v.                  )          Civil Action No. 3:25CV787 (RCY)
                      )
RUSSELL HOTT, *et al.,*        )
         Respondents.      )
                      )

**ORDER**

This matter is before the Court on Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Emergency Motion," ECF No. 21). For the reasons stated from the bench, the Court GRANTS IN PART & DEFERS IN PART as to Petitioner's Emergency Motion (ECF No. 21). Specifically:

1. The Motion is GRANTED with respect to the request that the Court order the Immigration Court to conduct a bond hearing. The Court FINDS that Mr. Buezo Sanchez is detained pursuant to 8 U.S.C. § 1226(a), and therefore the El Paso Immigration Court does have jurisdiction to adjudicate a request for bond. Any rejection of such jurisdiction constitutes a violation of Mr. Buezo Sanchez's rights. Respondents are ORDERED to hold an individualized bond hearing for Mr. Buezo Sanchez at the Immigration Court pursuant to 8 U.S.C. § 1226(a) **before close of business on March 19, 2026,** and before any hearing on the merits of his removal.

2. The Parties SHALL jointly file a status report by **close of business tomorrow, March 18, 2026,** detailing the date and time scheduled for Mr. Buezo Sanchez's bond hearing before an Immigration Judge.

3. The Court DEFERS ruling on Mr. Buezo Sanchez's Motion with respect to his request for immediate release.  Mr. Buezo Sanchez SHALL remain in the custody of the Department of Homeland Security until his individualized bond hearing occurs.

4. Respondents are ENJOINED from denying bond to Mr. Buezo Sanchez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).  A finding by the Immigration Judge that Mr. Buezo Sanchez's request for bond is denied because he is deemed a "flight risk" or a "danger to the community," without more, shall be insufficient.

5. If the Immigration Judge decides to release Mr. Buezo Sanchez on bond, Respondents are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) and FURTHER ENJOINED from rearresting Mr. Buezo Sanchez, unless he commits a new violation of federal, state, or local law; or has failed to attend any properly noticed immigration or court hearing; or is subject to detention pursuant to a final order of removal. *See Hasan v. Crawford*, 2025 WL 2682255, at *13 (E.D. Va. Sept. 19, 2025).

6. The Parties are ORDERED to jointly file a status report with this Court **no later than 4:00 P.M. on Friday, March 20, 2026**, stating whether Mr. Buezo Sanchez was granted bond at his individualized bond hearing, the amount at which bond was set, or, if his request for bond was denied, the reason for that denial.  The Court will reserve final judgment on the remainder of Petitioner's Emergency Motion and the merits of his Amended Habeas Petition until after receipt of this second joint status report.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/

Roderick C. Young
United States District Judge

Date: <u>March 17, 2026</u>
Richmond, Virginia

2